IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
| Respondent/Plaintiff,         ) | |
| vs.                                                           ) | No. 3:02-CR-0371-H (01) |
| ) | No. 3:04-CV-2375-H  (BH) |
| JUAN MANUEL MOLINA-RODRIGUEZ, ) | ECF |
| ID # 06020932,                                         ) | Referred to U.S. Magistrate Judge |
| Movant/Defendant.          ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

In November 2004, movant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. In March 2005, he filed a supplement to his motion to vacate. On May 9, 2005, the government filed its response to the motion. In July 2005, movant filed a reply to that response. In correspondence received June 26, 2006, movant indicated that he was in the Dallas County Government Center for a probation violation. Although the June 2006 correspondence failed to provide a specific change of address, the Court utilized the address from the envelope to change movant's address. It now appears that movant is no longer housed at that address. Movant has thus twice changed addresses without notifying the Court of such change.

### I. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and

avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (habeas action). Movant has failed to notify the Court of his change in address. He has given no indication that he intends to proceed with this action. To prosecute a filed action, filing parties must keep the Court apprised of any changes in their mailing addresses.

A dismissal under Rule 41(b) may be with or without prejudice. The Court may dismiss an action with prejudice when "[t]he inability to proceed with th[e] litigation is directly attributable to [a] failure to notify the Court of [a] current address." *Jackson v. Richardson*, No. 3:97-CV-2317-BD(R), 1998 WL 765151, at *1 (N.D. Tex. Oct. 23, 1998). In addition, when "a dismissal without prejudice would be futile . . . because . . . the statute of limitations had already run" on the raised claims, the Court properly dismisses an action with prejudice. *See Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1160 (5th Cir. 1985). Because the statute of limitations has now run on the claims raised in the instant motion to vacate, the Court should dismiss the instant motion to vacate with prejudice for want of prosecution.

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that movant's motion to vacate be dismissed with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED** this 27th day of February, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3